# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BEARD, | CASE NO. 1:10-cv-01755-LJO-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| HARRINGTON, | (Doc. 10) |
| Defendant. | |
| _____/ | |

Plaintiff Robert Beard, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 14, 2010. On September 29, 2010, the Court issued an order finding Plaintiff ineligible to proceed in forma pauperis and requiring him to pay the $350.00 filing fee in full within thirty days. Plaintiff failed to comply with the order and on May 4, 2011, the Court dismissed the action, without prejudice. On May 23, 2011, Plaintiff filed a motion for reconsideration.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

1

or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quotation marks and citation omitted).

Plaintiff is precluded from proceeding in forma pauperis in this action because he had three or more prior actions dismissed for failure to state a claim and he was not, at the time the complaint was filed, under imminent danger of serious physical injury.[1,2] 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's arguments that the Court erred in determining he had three strikes when this action was filed and he was not in imminent danger are without merit.

Although Plaintiff argues that he did not file a case against someone named Olson, court records establish that Robert Beard, CDCR #H-95755, brought the suit on February 9, 1998, and it was dismissed for failure to state a claim on June 7, 1999. Further, the fact that Plaintiff may have appealed some of the dismissals does not preclude their usage as strikes unless Plaintiff prevails on appeal. Court records establish that Plaintiff did not appeal the dismissals in Beard v. Olson, Beard v. Crenshaw, and Beard v. Romero, and that the Ninth Circuit dismissed Plaintiff's appeals in Beard v. Hogue and Beard v. Wright. Thus, there are no appeals pending and Plaintiff did not prevail on

---

[1] The Court takes judicial notice of case numbers 1:98-cv-05140-OWW-HGB PC Beard v. Olson, et al., (E.D.Cal.) (dismissed Jun. 7, 1999, for failure to state a claim); 2:03-cv-03290-UA-RZ Beard v. Crenshaw, (C.D.Cal.) (dismissed May 22, 2003, for failure to state a claim); 2:08-cv-04577-UA-RZ Beard v. Hogue, et al., (C.D.Cal.) (dismissed Aug. 7, 2008, for failure to state a claim); 2:09-cv-06975-UA-RZ Beard v. Wright, (C.D.Cal.) (dismissed Oct. 13, 2009, for failure to state a claim) and 2:09-cv-02442-WBS-CMK PC Beard v. Romero, (E.D.Cal.) (dismissed Jun. 24, 2010, for failure to state a claim).

[2] Plaintiff, who was and still is incarcerated at Salinas Valley State Prison, brought this action against Kern Valley State Prison Warden Harrington for failing to notify him of the ramifications of his decision to seek placement in the sensitive needs program. Plaintiff alleged he was not made aware that once placed in the program, he would have to remain in it unless he signed a waiver of liability regarding any harm that might befall him in general population. Plaintiff also alleged that as a result of placement in the program, he was denied access to the canteen and the law library, and was deprived of his high blood pressure medication from March 2010 to May 10, 2010. Finally, Plaintiff alleged that following his transfer to Salinas Valley State Prison, he was attacked by his new cellmate on May 10, 2010, and denied medication and medical treatment for three weeks.

1  the appeals he filed. Plaintiff's other argument that he had not sustained three strikes prior to the
2  filing of this case is clearly belied by the record.
3       Finally, to the extent that Plaintiff may currently be in danger at Salinas Valley State Prison,
4  he may not use that present condition of confinement to support his desire to be free of the restriction
5  of section 1915(g) so that he may litigate unrelated claims based on past conditions at Kern Valley
6  State Prison. The claims in Plaintiff's complaint do not satisfy the imminent danger exception and
7  his arguments to the contrary are without merit.
8       Accordingly, Plaintiff's motion for reconsideration, filed May 23, 2011, is HEREBY
9  DENIED, with prejudice.
10
11  IT IS SO ORDERED.
12  **Dated:   May 25, 2011**                              /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE